<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| MICHAEL E. DAVIDSON, | : | |
| | : | Civil Action No. 08-3580 (DRD) |
| Plaintiff, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| CORRECTIONAL MEDICAL SERVICES, | : | |
| et al., | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

Plaintiff <u>pro</u> <u>se</u>
Michael E. Davidson
ADTC
8 Production Way
P.O. Box 190
Avenel, NJ 07001

**DEBEVOISE,** District Judge

Plaintiff Michael E. Davidson, a prisoner confined at the Adult Diagnostic and Treatment Center in Avenel, New Jersey, seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42 U.S.C. § 1983, alleging violations of his constitutional rights. Based on his affidavit of indigence and the absence of three qualifying dismissals within 28 U.S.C. §1915(g), the Court will grant Plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 28 U.S.C. § 1915(a) and order the Clerk of the Court to file the Complaint.

At this time, the Court must review the Complaint to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.

## I. BACKGROUND

The following factual allegations are taken from Plaintiff's Complaint and are accepted as true for purposes of this review.

In a Complaint consisting of 1345 numbered paragraphs, Plaintiff alleges that various correctional and medical personnel have violated his Eighth Amendment right to adequate medical care and/or committed medical malpractice, by: (1) with knowledge of his history of heart disease and a prior heart attack, ignoring his requests for medical evaluation and treatment of symptoms indicating a worsening condition or another heart attack; (2) refusing to allow him adequate rest and rehabilitation following a heart attack and angioplasty; (3) delaying necessary surgery to implant a defibrillator; (4) delaying necessary treatment to repair a defective defibrillator; (5) refusing to house him in conditions appropriate to his diagnosis, including assigning him to a top bunk and refusing to place him in a non-smoking wing; (6) failing to appropriately diagnose and treat a painful skin condition, possibly scabies. Plaintiff alleges that delay in the treatment of his heart condition has resulted in permanent damage

to his heart and major arteries.  Plaintiff also alleges that he was forced to undergo treatment for his skin condition, use of permethrin ointment, against his will.

In addition, Plaintiff alleges that certain corrections and medical personnel failed to adequately train and supervise their subordinates.

Plaintiff seeks declaratory and injunctive relief and compensatory and punitive monetary damages.

II.   STANDARDS FOR A SUA SPONTE DISMISSAL

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them

3

in the light most favorable to the plaintiff." Morse v. Lower
Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).

A complaint must plead facts sufficient at least to
"suggest" a basis for liability. Spruill v. Gillis, 372 F.3d
218, 236 n.12 (3d Cir. 2004). "Specific facts are not necessary;
the statement need only 'give the defendant fair notice of what
the ... claim is and the grounds upon which it rests.'" Erickson
v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

> While a complaint ... does not need detailed factual
> allegations, a plaintiff's obligation to provide the
> "grounds" of his "entitle[ment] to relief" requires
> more than labels and conclusions, and a formulaic
> recitation of the elements of a cause of action will
> not do, see Papasan v. Allain, 478 U.S. 265, 286, 106
> S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to
> dismiss, courts "are not bound to accept as true a
> legal conclusion couched as a factual allegation").
> Factual allegations must be enough to raise a right to
> relief above the speculative level ... .

Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65 (2007)
(citations omitted). See also Morse v. Lower Merion School
Dist., 132 F.3d at 906 (a court need not credit a pro se
plaintiff's "bald assertions" or "legal conclusions").

Where a complaint can be remedied by an amendment, a
district court may not dismiss the complaint with prejudice, but
must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34
(1992); Grayson v. Mayview State Hospital, 293 F.3d 103, 108 (3d
Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); Shane
v. Fauver, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal

4

pursuant to 42 U.S.C. § 1997e(c)(1)); Urrutia v. Harrisburg County Police Dept., 91 F.3d 451, 453 (3d Cir. 1996).

In addition, a complaint must comply with the Federal Rules of Civil Procedure.  Rule 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[1]  Rule 10(b) provides:

> A party must state its claims ... in numbered paragraphs, each limited as far as practicable to a single set of circumstances. ...  If doing so would promote clarity, each claim founded on a separate transaction or occurrence ... must be stated in a separate count or defense.

Rule 20(a)(2) controls the permissive joinder of defendants in pro se prisoner actions as well as other civil actions.

> Persons ... may be joined in one action as defendants if:
>         (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>         (B) any question of law or fact common to all defendants will arise in the action.

(emphasis added).  See, e.g., Pruden v. SCI Camp Hill, 252 Fed.Appx. 436 (3d Cir. 2007); George v. Smith, 507 F.3d 605 (7th Cir. 2007).

---

[1] This 1345 paragraph Complaint does not conform to the Rule 8(a) requirement for a "short and plain" statement of the claim. Because Plaintiff is appearing pro se, however, this Court will review the Complaint leniently.

III.   SECTION 1983 ACTIONS

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Local government units and supervisors are not liable under § 1983 solely on a theory of respondeat superior. See City of Oklahoma City v. Tuttle, 471 U.S. 808, 824 n.8 (1985); Monell v. New York City Department of Social Services, 436 U.S. 658, 690-91, 694 (1978) (municipal liability attaches only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" complained of); Natale v.

6

Camden County Correctional Facility, 318 F.3d 575, 583-84 (3d Cir. 2003).  "A defendant in a civil rights action must have personal involvement in the alleged wrongs, liability cannot be predicated solely on the operation of respondeat superior. Personal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence."  Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988) (citations omitted).  Accord Robinson v. City of Pittsburgh, 120 F.3d 1286, 1293-96 (3d Cir. 1997); Baker v. Monroe Twp., 50 F.3d 1186, 1190-91 (3d Cir. 1995).

Finally, a § 1983 action brought against a person in his or her official capacity "generally represent[s] only another way of pleading an action against an entity of which an officer is an agent."  Monell, 436 U.S. at 690 n.55.  "[I]n an official-capacity action, ... a governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official capacity suit the entity's 'policy or custom' must have played a part in the violation of federal law."  Kentucky v. Graham, 473 U.S. 159, 166 (1985) (internal quotation marks and citations omitted).

IV.   <u>ANALYSIS</u>

A.   <u>The Eighth Amendment Claims</u>

     Plaintiff alleges that certain defendants violated his
rights to adequate medical care, in violation of the Eighth
Amendment to the United States Constitution.

     The Eighth Amendment to the United States Constitution,
applicable to the individual states through the Fourteenth
Amendment, prohibits the states from inflicting "cruel and
unusual punishments" on those convicted of crimes.  <u>Rhodes v.
Chapman</u>, 452 U.S. 337, 344-46 (1981).  This proscription against
cruel and unusual punishment requires that prison officials
provide inmates with adequate medical care.  <u>Estelle v. Gamble</u>,
429 U.S. 97, 103-04 (1976).  In order to set forth a cognizable
claim for a violation of his right to adequate medical care, an
inmate must allege: (1) a serious medical need; and (2) behavior
on the part of prison officials that constitutes deliberate
indifference to that need.  <u>Id.</u> at 106.

     To satisfy the first prong of the <u>Estelle</u> inquiry, the
inmate must demonstrate that his medical needs are serious.
"Because society does not expect that prisoners will have
unqualified access to health care, deliberate indifference to
medical needs amounts to an Eighth Amendment violation only if
those needs are 'serious.'"  <u>Hudson v. McMillian</u>, 503 U.S. 1, 9
(1992).  Serious medical needs include those that have been

diagnosed by a physician as requiring treatment or that are so obvious that a lay person would recognize the necessity for doctor's attention, and those conditions which, if untreated, would result in lifelong handicap or permanent loss.  Monmouth County Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 347 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).

The second element of the Estelle test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need.  "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  Farmer v. Brennan, 511 U.S. 825, 837-38 (1994).  Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference.  Andrews v. Camden County, 95 F.Supp.2d 217, 228 (D.N.J. 2000); Peterson v. Davis, 551 F.Supp. 137, 145 (D. Md. 1982), aff'd, 729 F.2d 1453 (4th Cir. 1984).  Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims."  White v. Napoleon, 897 F.2d 103, 110 (3d Cir. 1990).  "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment ... [which] remains a question of sound professional judgment.  Implicit in this deference to prison medical authorities is the assumption that such informed judgment has, in fact, been made."  Inmates of Allegheny County Jail v. Pierce,

9

612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted).  Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not an Eighth Amendment violation.  <u>Estelle</u>, 429 U.S. at 105-06; <u>White</u>, 897 F.2d at 110.

"Where prison authorities deny reasonable requests for medical treatment, however, and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury,' deliberate indifference is manifest.  Similarly, where 'knowledge of the need for medical care [is accompanied by the] ... intentional refusal to provide that care,' the deliberate indifference standard has been met.  ...  Finally, deliberate indifference is demonstrated '[w]hen ... prison authorities prevent an inmate from receiving recommended treatment for serious medical needs or deny access to a physician capable of evaluating the need for such treatment."  <u>Monmouth County Corr. Inst. Inmates v. Lanzaro</u>, 834 F.2d at 346 (citations omitted). "Short of absolute denial, 'if necessary medical treatment [i]s ... delayed for non-medical reasons, a case of deliberate indifference has been made out."  <u>Id.</u> (citations omitted). "Deliberate indifference is also evident where prison officials erect arbitrary and burdensome procedures that 'result[] in interminable delays and outright denials of medical care to

10

suffering inmates.'" Id. at 347 (citation omitted).  Compare
Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (summary
judgment properly granted to prison warden and state commissioner
of corrections, the only allegation against whom was that they
failed to respond to letters from prisoner complaining of prison
doctor's treatment decisions) with Sprull v. Gillis, 372 F.3d
218, 236 (3d Cir. 2004) (a non-physician supervisor may be liable
under § 1983 if he knew or had reason to know of inadequate
medical care).

Plaintiff's allegations are sufficient to state a claim for
violation of his Eighth Amendment right to adequate medical care
-- arising out of the alleged delayed response to his symptoms of
heart disease and/or heart attack, the alleged failure to allow
him adequate rest and rehabilitation following a heart attack and
angioplasty, the alleged delayed surgery to implant a
defibrillator, the alleged delay of necessary treatment to repair
a defective defibrillator, the alleged refusal to house him in
conditions appropriate to his diagnosis, including assigning him
to a top bunk and refusing to place him in a non-smoking wing,
the alleged failure to appropriately diagnose and treat a painful
skin condition, possibly scabies -- as against the named
defendants Correctional Medical Services, Inc., the President of
Correctional Medical Services, Inc., Dr. John Hochberg, Dr.
Herbert Smyzeck, Nurse C. Proverbs, Carl Ausfahl, Chris
Seidelhofer, Bernard Goodwin, Grace Rogers, George Hayman, Nurse

11

Dolores, Ralph Woodward, Mary Jane Rule, Paul Thomas, Lionel Anticette, Roy Calafano, Catherine O'Donnel, and Nurse Bonnie Brodie.[2]

Plaintiff also alleges Eighth Amendment medical care claims as against fictitious defendants John Does Nos. 2,[3] 3, 4, 5, 6,[4]

_____

[2] The Complaint includes allegations about events that took place more than two years before the date the Complaint was executed, on July 14, 2008, the earliest possible date the Complaint could be deemed "filed."  To the extent those allegations could be construed as an attempt to assert claims, rather than as historical context, such claims must be dismissed as time-barred.

A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted).  Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions. See Wilson v. Garcia, 471 U.S. 261, 280 (1985).  Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat. Ann. § 2A:14-2, governs Plaintiff's claims. See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).

[3] The claim against John Doe No. 2 appears to be based upon an untenable theory of respondeat superior liability, and so must be dismissed with prejudice.  In addition, to the extent Plaintiff bases his claim against John Doe No. 2 on an alleged failure to respond to an inmate remedy form, the allegation fails to state a claim for any constitutional violation.  "'[A]n allegation of a failure to investigate, without another recognizable constitutional right, is not sufficient to sustain a section 1983 claim.'" Graw v. Fantasky, 68 Fed.Appx. 378, 2003 WL 21523251 (3d Cir. 2003) (unpubl.) (quoting unpubl. District Court opinion) (citing DeShaney v. Winnebago County Dep't of Soc. Servs., 489 U.S. 189, 195-96 (1989)). Cf. Burnside v. Moser, 138 Fed.Appx. 414, 416, 2005 WL 1532429 (3d Cir. 2005) (prisoners do not have a constitutionally protected right to a prison grievance

7, 8, 9, 10, 12, 13, 14, 15, 16, 19, 20, 21, 25, 27, 28, 36, 37, 38, 39, 40, 41, 42, 44, 45, 46, 47, 48, 49,[5] and 54.[6]

Fictitious defendants "'are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed,'" <u>Hindes v. FDIC</u>, 137 F.3d 148, 155 (3d Cir. 1998) (citations omitted).  When a fictitious name is used, "'the complaint should state that the name is fictitious and provide an adequate description of some kind which is sufficient to identify the person involved so that process can be served.'" <u>Wilson v. Ocean County Dept. of Corrections</u>, 2006 WL 2583287, *3 (D.N.J.

---

process); <u>Lewis v. Williams</u>, 2006 WL 538546, *7 (D. Del. 2006) (failure to investigate a grievance does not raise a constitutional issue) (collecting cases).  <u>Compare</u> <u>Durmer v. O'Carroll</u>, 991 F.2d 64, 69 (3d Cir. 1993) (summary judgment properly granted to prison warden and state commissioner of corrections, the only allegation against whom was that they failed to respond to letters from prisoner complaining of prison doctor's treatment decisions).

[4]  In addition, the claims against John Does Nos. 4, 5, 6 are time-barred.

[5]  Plaintiff alleges that defendant John Doe No. 49 is employed at the U.S. Centers for Disease Control.  Thus, any claim against John Doe No. 49 would arise under <u>Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics</u>, 403 U.S. 388, 389 (1971).  The only allegation against defendant John Doe No. 49 is that he failed to prescribe medication for Plaintiff. (Complaint, ¶ 261.)  This allegation, standing alone, is not sufficient to state a <u>Bivens</u>-type claim under the Eighth Amendment.  The Eighth Amendment claim against John Doe No. 49 will be dismissed without prejudice.

[6]  There do not appear to be any factual allegations asserted against John Doe Defendants Nos. 29, 30, 31.  Accordingly, the claims against these defendants will be dismissed.

2006) (quoting <u>Keno v. Doe</u>, 74 F.R.D. 587, 588 n.2 (D.N.J. 1977)).

Plaintiff's failure here to allege adequate identifying characteristics requires dismissal without prejudice of all claims against fictitious defendants John Does Nos. 3, 8, 9, 13, 15, 25, 37, 38, and 39, for failure to state a claim.  The Eighth Amendment medical-care claims may proceed as against fictitious defendants John Does Nos. 7, 10, 12, 14, 16, 19, 20, 21, 27, 28, 36, 40, 41, 42, 44, 45, 46, 47, 48, and 54.

B.   <u>The Fourteenth Amendment Equal Protection Claim</u>

At various points throughout the Complaint, Plaintiff characterizes the alleged failure to treat his medical problems adequately as a violation of the Equal Protection Clause of the Fourteenth Amendment.

The Equal Protection Clause of the Fourteenth Amendment commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws," which is essentially a direction that all persons similarly situated should be treated alike.  <u>City of Cleburne, Texas v. Cleburne Living Center</u>, 473 U.S. 432, 439 (1985) (citing <u>Plyler v. Doe</u>, 457 U.S. 202, 216 (1982); <u>Artway v. Attorney General of New Jersey</u>, 81 F.3d 1235, 1267 (3d Cir. 1996).

Nowhere does Plaintiff allege facts suggesting that his treatment, with respect to his medical problems, was different

from the treatment accorded other persons similarly situated.
Plaintiff has failed to allege any facts that would give rise to
an equal protection claim.  Accordingly, the equal protection
claim will be dismissed for failure to state a claim.

C.    The Right to Refuse Treatment

Plaintiff alleges that John Does Nos. 50, 51, 52, and 53,
compelled him to proceed with a treatment of permethrin ointment
for his skin condition, upon threat of a disciplinary charge if
he refused.

Involuntarily committed mental patients and convicted
prisoners retain a limited substantive due process right to
refuse medical treatment and to be informed of the proposed
treatment and viable alternatives.  See, Youngberg v. Romeo, 457
U.S. 307, 322-23 (1982); White v. Napoleon, 897 F.2d 103, 113 (3d
Cir. 1990); Rennie v. Klein, 653 836, 843-44 (3d Cir. 1981),
remanded, 458 U.S. 1119 (1982), on remand, 720 F.2d 266 (3d Cir.
1983).

The scope of the right to refuse treatment is circumscribed,
however, by "legitimate countervailing State interests."
Youngberg,457 U.S. at 319-23; White, 897 F.2d at 113.

> Given the similarity of the State's interests in the
> administration of mental hospitals and prisons, the
> limitation on a prisoner's right of refusal should be
> similar to the limitations on the right of an
> involuntarily committed mental patient.  Accordingly, a
> prison may compel a prisoner to accept treatment when
> prison officials, in the exercise of professional
> judgment, deem it necessary to carry out valid medical

15

or penological objectives.  As in the case of mental
institution authorities, the judgment of prison
authorities will be presumed valid unless it is shown
to be such a substantial departure from accepted
professional judgment, practice or standards as to
demonstrate that the person responsible actually did
not base the decision on such judgment.  Cf. Youngberg
v. Romeo, 457 U.S. at 323, 102 S.Ct. at 2462; Rennie,
720 F.2d at 274.

A prisoner's right to refuse treatment is useless
without knowledge of the proposed treatment.  Prisoners
have a right to such information as is reasonably
necessary to make an informed decision to accept or
reject proposed treatment ... .  We recognize that
prison doctors' task in communicating with their
patients may be difficult.  Prisoners' questions may
range from reasonable to obstructionist.  Prisoners may
not bring treatment to a halt, insisting on answers to
questions that are unreasonable, time-wasting or
intended to turn the doctor-patient relationship into a
battle for control over treatment.

White, 897 F.2d at 113.

Here, Plaintiff describes a course of treatment imposed upon

a group of inmates to treat an outbreak of a skin disease,

possibly scabies, with the medication permethrin.  Permethrin is

a well-accepted medical treatment for various skin conditions,

including scabies.  See Merck Manual of Medical Information –

Second Home Edition (Online Edition), (1) Section: Skin

Disorders, Subject: Diagnosis and Treatment of Skin Disorders,

Topic: Treatment; (2) Section: Skin Disorders, Subject: Parasitic

Skin Infections, Topic: Scabies (2008).

Plaintiff has not alleged facts suggesting that forced

administration of treatment for a skin disease he admits he

contracted was "such a substantial departure from accepted

professional judgment, practice or standards as to demonstrate that the person responsible actually did not base the decision on such judgment." Accordingly, Plaintiff has not adequately stated a claim for deprivation of his substantive due process right to refuse treatment.

D.   The Failure-to-Supervise, Failure-to-Train Claims

Plaintiff contends that various defendants failed to train or supervise properly their subordinates, corrections and medical personnel who are alleged to have committed constitutional violations. A typical such allegation is phrased thus:

> 226.  Nurse Bonnie Brodie participated in the denial of medical attention to plaintiff's serious medical needs in connection with plaintiff's painful skin condition and heart disease.

> 227.  John Doe #34 who's capacity is to hire and adequately screen for employment, failed to act to adequately screen Bonnie Brodie was deliberately indifferent in not doing so; John Doe #35 failed to act to adequately train Nurse Bonnie Brodie was deliberately indifferent in not doing so.

(Complaint, ¶¶ 226, 227.)

Where a need for "more or different training ... is so obvious, and the inadequacy so likely to result in constitutional violations, that the failure to train ... can fairly be said to represent official policy," City of Canton, 489 U.S. at 390, and that failure to train "actually causes injury," a supervisor may be held liable, Id.

17

In addition, in resolving the issue of supervisory liability,

> the focus must be on adequacy of the training program in relation to the tasks the particular officers must perform.  That a particular officer may be unsatisfactorily trained will not alone suffice to fasten liability on the [supervisor], for the officer's shortcomings may have resulted from factors other than a faulty training program.  ...  Neither will it suffice to prove that an injury or accident could have been avoided if an officer had had better or more training ... .  Moreover, for liability to attach ... the identified deficiency in a city's training program must be closely related to the ultimate injury.

Id. at 390-91.  Plaintiff alleges nothing more than that individual corrections or medical personnel caused him injury, plainly an insufficient allegation upon which to base liability for failure to train.  In effect, Plaintiff is attempting to assert untenable claims for vicarious liability against various supervisors by couching them in the language of failure-to-train or failure-to-supervise claims.  Accordingly, Plaintiff's failure to supervise and/or train claims must be dismissed for failure to state a claim.[7]

E.   Claim Regarding Violation of Court Order

In Paragraph 167, Plaintiff asserts "About or around 5-2-06, John Doe #13, correctional officer, did show plaintiff's charges to Craig Semple, inmate from Rahway Correctional Facility, in

_____

[7] In addition to being asserted against various named defendants, the failure-to-train/failure-to-supervise claims are asserted against John Doe Defendants Nos. 1, 18, 32, 33, 34, 35, and 43.

violation of a federal order published by U.S. Judge Debevoise in Newark, NJ."

The only description of John Doe No. 13 is that he is a correctional officer.  This description is not sufficient to permit any claim against him to proceed.  In addition, it is not clear what constitutional claim could arise from the action complained of.  To the extent the conduct of John Doe No. 13 violated a court order, the appropriate relief is to raise the issue of the violation in the legal proceeding affected by the violation.  Finally, the claim appears to be barred by expiration of the applicable limitations period.[8]  As the action complained

---

[8] A court may dismiss a complaint for failure to state a claim, based on a time-bar, where "the time alleged in the statement of a claim shows that the cause of action has not been brought within the statute of limitations." Bethel v. Jendoco Construction Corp., 570 F.2d 1168, 1174 (3d Cir. 1978) (citation omitted).  Although the statute of limitations is an affirmative defense which may be waived by the defendant, it is appropriate to dismiss sua sponte under 28 U.S.C. § 1915(e)(2) a pro se civil rights claim whose untimeliness is apparent from the face of the Complaint. See, e.g., Pino v. Ryan, 49 F.3d 51, 53 (2d Cir. 1995) (holding, under former § 1915(d) in forma pauperis provisions, that sua sponte dismissal prior to service of an untimely claim is appropriate since such a claim "is based on an indisputably meritless legal theory"); Jones v. Bock, 127 S.Ct. 910 (2007) (if the allegations of a prisoner civil rights complaint establish that relief is barred by an affirmative defense, such as the statute of limitations or the exhaustion requirement, the complaint may be dismissed for failure to state a claim).

Civil rights claims are best characterized as personal injury actions and are governed by the applicable state's statute of limitations for personal injury actions.  See Wilson v. Garcia, 471 U.S. 261, 280 (1985).  Accordingly, New Jersey's two-year limitations period on personal injury actions, N.J. Stat.

of took place on or about May 2, 2006, and the Complaint was not signed until July 14, 2008, more than two years later, the claim is barred by expiration of the two-year limitations period.

For all of the foregoing reasons, this claim will be dismissed with prejudice.

F.   Pendent State-Law Medical Malpractice Claims

Plaintiff alleges state law medical malpractice claims against St. Francis Hospital, Inc., the President of St. Francis Hospital, Inc., and various John Doe defendants.

Pursuant to 28 U.S.C. § 1367(a), in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such origianl jurisdiction that they form part of the same case or controversy.  Such supplemental jurisdiction shall include claims that involve the joinder of additional parties.

Plaintiff's claims are sufficient to allow the state law medical malpractice claims to proceed as against Defendants St. Francis Hospital, Inc., the President of St. Francis Hospital,

---

Ann. § 2A:14-2, governs Plaintiff's claims.  See Montgomery v. DeSimone, 159 F.3d 120, 126 & n.4 (3d Cir. 1998); Cito v. Bridgewater Township Police Dept., 892 F.2d 23, 25 (3d Cir. 1989).  Under N.J. Stat. Ann. § 2A:14-2, an action for an injury to the person caused by a wrongful act, neglect, or default must be commenced within two years of accrual of the cause of action. Cito, 892 F.2d at 25; accord Brown v. Foley, 810 F.2d 55, 56 (3d Cir. 1987).

Inc., Dr. John Caplan, and John Doe Defendants Nos. 22, 23, 24, and 26.[9]

V.   CONCLUSION

For the reasons set forth above, certain claims will be dismissed, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), and 42 U.S.C. § 1997e, for failure to state a claim; certain other claims will be permitted to proceed.  However, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to state a claim as to some of the dismissed claims, the Court will grant Plaintiff leave to file an amended complaint.[10]  An appropriate order follows.


                                   **/s/ Dickinson R. Debevoise**
                                   Dickinson R. Debevoise
                                   United States District Judge

Dated: August 21, 2008

----

[9] Plaintiff asserts state law medical malpractice claims against fictitious defendants John Does Nos. 11 and 17.  These fictitious defendants are not identified sufficiently to permit claims against them to proceed at this time.  The claims against these fictitious defendants will be dismissed without prejudice.

[10] Any such proposed amended complaint must be complete in itself and may not incorporate any part of the initial prolix Complaint.  Any proposed amended complaint must comply with the Federal Rules of Civil Procedure, including the requirement of Rule 8(a)(2) that the pleading must contain a "short and plain" statement of the claim showing that the pleader is entitled to relief.