**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| MICHAEL E. DAVIDSON,<br><br>       Plaintiff,<br><br>v.<br><br>CORRECTIONAL MEDICAL SERVICES,<br>INC., ET. AL.,<br><br>       Defendant. | Civ. No. 08-3580 (DRD)<br><br>**O P I N I O N** |

*Appearances by:*

Michael E. Davidson
A.D.T.C.
8 Production Way
P.O. Box 190
Avenel, NJ 07001

 *Pro Se Plaintiff*

MARKS, O'NEILL, O'BRIEN & COURTNEY, P.C.
by: Sean Robins, Esq.
6981 N. Park Drive
Cooper River West, Suite 300
Pennsauken, NJ 08109

 *Attorneys for Defendants Correctional Medical Services, Inc., Carl Ausfahl, Catherine O'Donnell, Cheryl Proverbs, Maryjane Rule, Christopher Seidelhofer, Paul Thomas, John Hochberg, and Herbert Smyzeck*

1

BUCKLEY & THEROUX, LLC
by: George S. Courtelyou, Esq.
932 State Road
Princeton, NJ 08540

 *Attorneys for Defendant Peter DeStefano*

**DEBEVOISE, Senior District Judge**

 This matter comes before the court on two separate Motions, submitted by various Defendants, requesting that Plaintiff's Amended Complaint be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. While Plaintiff's accusations may eventually give rise to a cognizable claim against some defendants, the Amended Complaint does not assert wrongdoing on the part of any named defendant and states its averments in a vague and conclusory manner. Therefore, in order to reduce the instant controversy to appropriate proportions, the Defendants' Motions will be granted. Plaintiff will be granted leave to amend and reassert his claims by filing a Second Amended Complaint.

 The court will appoint an attorney to assist Plaintiff in drafting a Second Amended Complaint which complies with the Rules of Civil Procedure and does not advance claims that have no colorable basis in the facts or the law. The attorney will be appointed solely to assist Plaintiff in drafting the Second Amended Complaint, and if Plaintiff is unwilling to file a Complaint that in the attorney's opinion can be submitted in good faith, the attorney may withdraw from representing Plaintiff.

## I.  BACKGROUND

 This case involves a multitude of claims asserted by Plaintiff Michael E. Davidson, a prisoner confined at the Adult Diagnostic and Treatment Center in Avenel, New Jersey, against some 17 named and 55 unnamed "John Doe" Defendants. Those claims were first articulated in

a Complaint filed on July 17, 2008.  Upon completing its mandatory preliminary review of the Complaint, on August 21, 2008, the court dismissed various portions of the original Complaint for failure to state a claim upon which relief can be granted.  The court granted leave to amend and reassert certain claims which were dismissed without prejudice, while others were permanently dismissed.  Plaintiff filed an Amended Complaint on September 19, 2008, and the pending Motions to Dismiss followed.

### A.  The Original Complaint

In his original Complaint, a voluminous document consisting of 1345 numbered paragraphs, Plaintiff argued that various correctional and medical personnel at that facility violated his rights under the Eight and Fourteenth Amendments to the United States Constitution by failing to provide adequate medical care and/or committing medical malpractice.  Specifically, Plaintiff alleged that the certain corrections and medical personnel (1) failed to adequately train and supervise their subordinates, (2) ignored his requests for medical evaluation and treatment of symptoms indicating the possibility of a heart attack, (3) refused to allow him adequate rest and rehabilitation following a heart attack and angioplasty, (4) delayed necessary surgery to implant a defibrillator, (5) delayed necessary treatment to repair a defective defibrillator, (6) refused to house him in conditions appropriate to his diagnosis, including assigning him a top bunk and refusing to place him in a non-smoking wing, (7) failed to appropriately diagnose and treat a painful skin condition, and (8) forced him to undergo treatment involving the application of ointment against his will for that skin condition.  On the basis of those allegations, Plaintiff asserted claims under 42 U.S.C. § 1983 against all Defendants in both their professional and personal capacities.

On August 21, 2008, this court dismissed various portions of Plaintiff's original Complaint without prejudice, granting leave to amend and reassert the dismissed claims. Finding that Plaintiff's contentions regarding the alleged (1) delay in responding to his condition, (2) failure to allow him sufficient time to rest following his heart attack and angioplasty surgery, (3) refusal to house him in accommodations appropriate to his diagnosis, and (4) failure to appropriately diagnose and treat his skin condition stated a claim for failure to provide adequate medical care as required by the Eight Amendment, the court permitted Plaintiff's claims to proceed against the 17 named Defendants. Similarly, the court declined to dismiss Plaintiff's Eighth Amendment claims against "John Doe" Defendants 7, 10, 12, 14, 16, 19-21, 27, 28, 36, 40-48, and 54. However, the Eighth Amendment claims against all other "John Doe" Defendants were dismissed; those against "John Doe" Defendants 2 and 4-6 were found to be time-barred or based on impermissible grounds and therefore dismissed with prejudice, while the others were dismissed with leave to amend and reassert.

In its August 21, 2008 opinion, the court also dismissed Plaintiff's allegations that Defendants violated his right to equal protection codified in the Fourteenth Amendment by forcing him to undergo treatment for an infectious skin condition. Finding with respect to those claims that "Plaintiff has not adequately stated a claim for deprivation of his substantive due process right to refuse treatment," the court dismissed the Fourteenth Amendment equal protection claims against all Defendants.

Similarly, the court held in its August 21, 2008 opinion that the allegations in Plaintiff's original Complaint that certain medical and correctional personnel failed to adequately train and supervise their subordinates failed to state a claim upon which relief could be granted. In order to state a claim for failure to supervise or train, a plaintiff must identify a specific deficiency in

4

the training program that rendered the defendant unprepared for their duties. City of Canton, Ohio v. Harris, 489 U.S. 378, 390-91 (1989). Rather than do so, Plaintiff's allegations focused on the fact that certain Defendants allegedly caused Plaintiff to suffer an injury. Therefore, the court found that Plaintiff was "attempting to assert untenable claims for vicarious liability against various supervisors by couching them in the language of failure-to-train or failure-to-supervise," and dismissed those claims as to all Defendants.

Finally, the court permitted Plaintiff to proceed on his claims for medical malpractice against St. Francis Hospital, Inc., the President of that facility, and "John Doe" Defendants 22-24 and 26. None of those claims are at issue in the pending motions.

In a footnote on the final page of the opinion, the court stated that:

> Any such proposed amended complaint must be complete in itself and may not incorporate any part of the initial prolix Complaint. Any proposed amended complaint must comply with the Federal Rules of Civil Procedure, including the requirement of Rule 8(a)(2) that the pleading contain a "short and plain" statement of the claim showing that the pleader is entitled to relief.

**B. The Amended Complaint**

Plaintiff filed an Amended Complaint on September 19, 2008. While the caption of that document includes the 17 named and 55 unnamed "John Doe" Defendants charged in the original Complaint, its text only alleges wrongdoing on the part of "John Doe" Defendants 8, 9, 11, 15, 17, 18, 25, 32, 33, 37-39, 43, 50, 52, and 53. Named Defendants Ausfahl, Hochberg, DeStefano, and CMS are mentioned, but only with respect to the claims alleged against unknown "John Doe" Defendants. For example, the Amended Complaint asserts that:

> John Doe # 8 employee of Correctional Medical Services, Inc. … who's capacity it is to maintain policies, procedures, protocols resulting in plaintiff being placed on a waiting list, caused delay and denial of medical attention to plaintiff's seriously medical needs, violated plaintiff's rights and constituted deliberate

5

> indifference in violation of the 8th amendment of the US Constitution.
>
> The actions of John Doe #11 a person employed at St. Francis Hospital, who Dr. De[S]tephano directly told that plaintiff needed a defribulator operation, who delayed and denied medical attention to plaintiff's serious medical needs failed to act violated plaintiff's rights caused a deprivation thereof, violated the 8th amendment to the US Constitution.
>
> John Doe #43 who's capacity as a Supervisor over Carl Ausfalhl failed to act to oversee manage and adequately supervise his subordinates and mismanaged his subordinates violated plaintiff' rights caused the deprivation thereof constituted deliberate indifference in violation of the 8th Amendment to the United States Constitution.
>
> John Doe #33 who's capacity it is to hire Doctor Hochberg failed adequately screen Doctor Hochberg, [sic] constituted deliberate indifference in violation of the 8th Amendment to the United States Constitution.

(Amended Compl. ¶¶ 34-35, 42-43.)

The individual averments regarding the "John Doe" Defendants are followed by a conclusory allegation of liability against all Defendants, which states that:

> All the Defendants listed herein are persons and have acted and continue to act under color of State law at all times relevant to this Complaint.
>
> All Defendants Listed Herein Subjected and Caused Plaintiff to be subjected to the Depravation of Plaintiffs U.S. Constitutional Rights.
>
> All doctors and nurses named and unnamed defendants John Doe's and Jane Doe's participated in the wrongs or series of wrongs against plaintiff.
>
> All defendants are sued in their individual and official capacities.

(Amended Compl. ¶¶ 64-67.)

**C. The Pending Motions**

6

On October 29, 2008, Defendants Correctional Medical Services, Inc. ("CMS"), Carl Ausfahl, Catherine O'Donnell, Cheryl Proverbs, Maryjane Rule, Christopher Seidelhofer, Paul Thomas, John Hochberg, and Herbert Smyzeck filed a Motion arguing that the Plaintiff's claims against them should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Those Defendants argue that the Amended Complaint (1) does not adequately identify "John Doe" Defendants 8, 9, 25, 37, 38, and 39, (2) does not include sufficient factual allegations to state a failure to train or failure to supervise claim against "John Doe" Defendants 32 and 33, (3) does not include sufficient factual allegations to state a Fourteenth Amendment claim against "John Doe" Defendant 50, (4) does not state a claim against the named Defendants because the Amended Complaint mentions Defendants Ausfahl, Hochberg, and CMS only with respect to claims against the unknown "John Doe" Defendants, while the other named Defendants are not referred to at all.

Two days later, Defendant Peter DeStefano filed a similar Motion, in which he argues that Plaintiff failed to state a claim against him because he is not mentioned in the body of the Amended Complaint; a contention that is misplaced in light of the fact that, as mentioned above, Mr. DeStefano is referred to by name in at least two paragraphs of that document. See (Amended Compl. ¶¶ 35-36.) In the alternative, Mr. DeStefano argues that the Amended Complaint does not state a claim because it does not contain any allegation that he was acting under color of state law as required for liability under 42 U.S.C. § 1983.

The arguments advanced in the two Motions to Dismiss are similar in that they both rely on a footnote in the August 21, 2008 opinion which stated that any proposed amended complaint "must be complete in itself and may not incorporate any part of the initial prolix Complaint." Despite the ruling in the August 21, 2008 opinion that Plaintiff had stated a claim in his Original

7

Complaint against the 17 named Defendants and "John Doe" Defendants 7, 10, 12, 14, 16, 19-21, 27, 28, 36, 40-48, and 54, the Motions to Dismiss argue that those claims are barred as a result of Plaintiff's failure to repeat the allegations on which they are based in his Amended Complaint as required by the court's instruction in the aforementioned footnote that the Amended Complaint be "complete in itself."  In opposition to that argument, Plaintiff contends that (1) his allegations satisfy the liberal pleading standards applicable to pro se litigants, and (2) he misconstrued the instruction contained in the August 21, 2008 opinion that the proposed amended complaint must not incorporate any part of the earlier Complaint to mean that the Amended Complaint could "not include any of the previous material in the original complaint except for the John Does that were dismissed." (Pl.'s Br. Opp'n Mot. Dismiss 5.)

## II.  DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted.  When considering a Rule 12(b)(6) motion, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff.  Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The court's inquiry, however, "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims."  In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court recently clarified the Rule 12(b)(6) standard in Bell Atlantic Corporation v. Twombly, 127 S.Ct. 1955 (2007).  That case abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief."  In contrast, Bell Atlantic, 127 S.Ct. at

1965, held that "[f]actual allegations must be enough to raise a right to relief above the speculative level."  Thus, the assertions in the complaint must be enough to "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation."  Phillips v. County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008).

It is not necessary, however, for a complaint to allege specific facts that conclusively establish a right to relief.  Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007) (citing Bell Atl., 127 S.Ct. at 1964).  A complaint is adequately pled as long as it includes facts sufficient to "give the defendant fair notice of what the claim is and the grounds upon which it rests."  Id. (internal citations omitted).  Complaints by pro se plaintiffs are especially "liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers."  Id.

A possibly meritorious claim should not be precluded because of a defect in the pleadings, and leave to amend should be granted in cases where a Complaint is dismissed for failure to state a claim unless doing so would be futile.  In re Burlington Coat Factory Litig., 114 F.3d 1410, 1434-35 (3d Cir. 1997).  However, a court need not grant leave to amend in cases where the plaintiff has failed to state a claim after repeated attempts, caused undue delay, or would be unable to make out a cognizable claim even if the facts were pled with greater particularity.  Id. at 1435.

The Amended Complaint does not refer to any of the named Defendants except in reference to claims asserted against "John Doe" Defendants.  Thus, even under the liberal pro se pleading standards, the Amended Complaint fails to state a claim against the named Defendants.  Therefore, the causes of action asserted against those parties must be dismissed.

Similarly, Plaintiff's claims against the unknown "John Doe" Defendants must be dismissed. While fictitious defendants "are routinely used as stand-ins for real parties until discovery permits the intended defendants to be installed," our case law makes it clear that "an action cannot proceed solely against unnamed parties." Hines v. FDIC, 137 F.3d 148, 155, 159 (3d Cir. 1998). Therefore, having found that the Amended Complaint fails to state a claim against any named defendant, the court must dismiss the case in its entirety.

Given the fact that Plaintiff's original Complaint advanced a cognizable claim against all 17 named and several of the "John Doe" Defendants, and his contention that those allegations were not included in the Amended Complaint as the result of a mistaken understanding of the court's statement in the August 21, 2008 opinion, it would be inequitable to permanently bar those claims. See In re Burlington Coat Factory, 114 F.3d at 1434-35 (stating that leave to amend should be "freely granted" except in cases of "undue delay, bad faith, dilatory motive, prejudice, and futility.") The original Complaint, with its 1345 numbered paragraphs, 17 named Defendants and 55 "John Doe" or "Jane Doe" Defendants, was an impossible document on which to proceed and in total violation of Fed. R. Civ. P. 8(a)(2). Upon its preliminary review of the Complaint, the court held that its tangled mass of allegations could be construed as stating an Eighth Amendment medical-care claim against certain named Defendants and certain "John Doe" Defendants and as stating a medical malpractice claim as against certain named Defendants and certain "John Doe" Defendants.

The court dismissed the remaining claims, some with prejudice and some without prejudice. The court's opinion remains the law of the case. The court gave Plaintiff leave to file an Amended Complaint curing the deficiencies of the original Complaint, requiring that "any such amended complaint must be complete in itself, and not incorporate by reference any part of

the original Complaint, and must comply with the requirement of Rule 8(a)(2) of the Federal Rules of Civil Procedure that it contain 'a short and plain statement of the claim showing that the pleader is entitled to relief."

Plaintiff totally misconstrued this requirement and as a result filed an Amended Complaint which does not include critical allegations of the original Complaint on the basis of which the court held that he could proceed against some Defendants on his Eighth Amendment medical-care claim and state law malpractice claims. He included allegations against many (but not all) of the "John Doe" Defendants dismissed from the case with the likely purpose of curing the deficiencies of the original claims against them as stated in the original Complaint. Because Plaintiff was precluded from incorporating by reference the allegations of the original Complaint, the Amended Complaint did not state a claim against those Defendants against whom the court had allowed him to proceed. Further, the Amended Complaint does not cure the deficiencies in the claims against those Defendant previously dismissed from the case. Thus, the amended complaint must be dismissed in its entirety.

It is evident from his pleadings that Plaintiff is unfamiliar with the elements of a § 1983 medical-care claim and has sought recovery both in his original Complaint and Amended Complaint against multiple persons who cannot be held liable and for conduct that is not within the scope of § 1983. In an attempt to secure a pleading that meets the requirements of the Federal Rules and can be responded to, the court will appoint an attorney to represent Plaintiff solely for the purpose of drafting a Second Amended complaint.

The attorney's responsibility will be to meet with Plaintiff, review the evidence he has available and to draft the Second Amended Complaint, asserting such claims against such Defendants as the attorney believes can in good faith be brought. If Plaintiff insists upon

11

pursuing claims that the attorney believe should not be asserted, he or she may withdraw from the representation.  The attorney will have no obligation to continue representing Plaintiff after the Second Amended Complaint has been filed unless he or she elects to do so.

Until a Second Amended Complaint is filed the action will be stayed.  Defendants, of course, may answer or move with respect to the Second Amended Complaint after it has been filed.

### III.  CONCLUSION

For all the foregoing reasons, Defendants' Motions to Dismiss are granted.  Plaintiff's claims are dismissed as to all Defendants, with leave to amend after consultation with an attorney appointed by the court.

The court will enter an order implementing this opinion.


　　　　　　　　　　　　　　　　　　 **s/ Dickinson R. Debevoise**
　　　　　　　　　　　　　　　　　　DICKINSON R. DEBEVOISE, U.S.S.D.J.


Dated: December 12, 2008